USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA          :
                                  :    12-CR-64 (VEC)
        -against-                 :
                                  :    ORDER
JOSE ALMONTE,                     :
                                  :
                    Defendant.    :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On November 12, 2014, Defendant Jose Almonte ("Mr. Almonte") was sentenced to five years in custody followed by five years of supervised release for possessing and receiving child pornography in violation of 18 U.S.C. § 2252A(a). See Am. Judgment, Dkt. 66. Mr. Almonte began his term of supervision on August 1, 2018.

In late 2021, Mr. Almonte was charged with violating the terms of supervised release. He admitted that he violated the terms of supervised release with respect to having an internet-enabled cell phone and having access to a social media account. See Order, Dkt. 79. On that violation, he was sentenced to six months confinement in a halfway house and a new term of supervised release was imposed. See Judgment, Dkt. 94. Among the conditions of his supervised release is a special condition: "The defendant shall not have deliberate contact with any child under 18 years of age, unless approved by the U.S. Probation Office. The defendant shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places regularly frequented by children under the age of 18." See id. at 5.

In late 2022, Mr. Almonte was again charged with violating the terms of supervised release. On January 30, 2023, Mr. Almonte admitted to possessing a computer with internet

access in violation of the conditions of his supervised release. *See* Order, Dkt. 103. He has not yet been sentenced on that violation.

On May 18, 2023, Mr. Almonte requested that the Court order that (1) Mr. Almonte be permitted to attend church or other religious services on a regular basis; (2) Mr. Almonte be permitted to have lunch with his adult son, adult daughter-in-law, and granddaughter on or about May 27, 2023; and (3) Mr. Almonte's treatment and probation records from August 2022 until the present be disclosed to his counsel because these materials are necessary for the defense adequately to prepare for Mr. Almonte's pending sentencing for violation of supervised release. *See* Def. Letter, Dkt. 107.

The Government responded that (1) it does not object to Mr. Almonte attending religious services so long as he prepares and the Probation Department approves a safety plan for his attendance[1]; (2) it does not object (although Mr. Almonte's Probation Officer does) to Mr. Almonte having lunch with his adult son, adult daughter-in-law, and granddaughter; and (3) the Probation Department has agreed to disclose the records in its possession and will confer with the defense about an appropriate timeframe for that production. *See* Gov't Letter, Dkt. 109.

For the following reasons, Mr. Almonte's requests are GRANTED in part. As a general matter, courts have "broad discretion" to tailor conditions of supervised release to the goals and purposes of sentencing, including the need to protect the public from the defendant's further crimes. *United States v. Amer*, 110 F.3d 873, 883 (2d Cir. 1997) (internal quotation marks and citations omitted). If a special condition involves the deprivation of a fundamental liberty

---

[1] The Court notes that, according to the Government's communication with Mr. Almonte's Probation Officer, Mr. Almonte has already been attending religious services without preparing or having a safety plan approved. *See* Gov't Letter, Dkt. 109. Given the likelihood that there will be children in a church, the Court is concerned that Mr. Almonte is not complying with the above-quoted special condition. Other reports from the treatment provider also raise concerns about whether Mr. Almonte is participating in therapy in good faith.

interest, however, that deprivation is only permissible if "narrowly tailored to serve a compelling government interest." *United States v. Myers*, 426 F.3d 117, 126 (2d Cir. 2005) (citations omitted).

Both Mr. Almonte's access to religious services and his contact with family members implicate fundamental liberty interests. *See United States v. Weiskopf*, 841 F. App'x 306, 309 (2d Cir. 2021) (summary order); *Myers*, 426 F.3d at 125–26; *United States v. Hernandez*, 209 F. Supp. 3d 542, 546 (E.D.N.Y. 2016).

The Probation Department's request for an adequate safety plan before Mr. Almonte attends religious services is a sufficiently tailored precaution that adequately preserves Mr. Almonte's fundamental rights to associate and to exercise his religion while also protecting the public. *See Hernandez*, 209 F. Supp. 3d at 546 (concluding that the Probation Department's requirements that a defendant convicted of receiving child pornography be accompanied to church by an adult with his pastor's knowledge were permissible precautions that properly balance public safety and individual liberty interests). The Court therefore grants Mr. Almonte's request, on the condition that he provides a safety plan that is approved by his Probation Officer — a condition that his Probation Officer has previously explained to him.

Mr. Almonte's request to have lunch with his family, including his granddaughter, is a more difficult question. The Court certainly recognizes that Mr. Almonte has a fundamental right to maintain contact with family. On the other hand, the Court is concerned about the safety of his granddaughter given his track record. According to the Probation Officer, his treatment provider reports that he has struggled in group and individual therapy sessions, minimizes concerning behaviors, and externalizes blame. *See* Gov't Letter, Dkt. 109, at 2. That behavior is consistent with the fact that in the relatively short period of time that he has been out of prison,

he has violated supervised release conditions on two separate occasions, the last just months after he was released from a halfway house as punishment for his first violation.

That said, the Defendant was convicted of possession of child pornography, not physically molesting a child. *See Weiskopf*, 841 F. App'x at 309 (concluding that a district court did not properly restrict a defendant convicted of possessing child pornography from having contact with his grandchildren in part because the defendant's prior offense, "while serious, did not involve any physical contact with a person," and because the defendant was "not alleged to have posed a danger to his grandchildren or to have engaged in, or attempted to engage in, any inappropriate contact with minors"). Ordinarily, the Court would be comforted by the fact that Mr. Almonte's contact with his granddaughter will be supervised by her parents, adults the Court should be able to rely on to keep their child safe during lunch. That comfort is diminished in this case, however, because the Probation Officer reports that in his contact with the child's father (Mr. Almonte's son), the father has minimized the seriousness of Mr. Almonte's crimes and expressed doubt that Mr. Almonte violated the law.

On balance, however, Mr. Almonte is proposing lunch in a public location with the granddaughter and both of her parents. That request is granted on the condition that he, at no time, is allowed unsupervised contact with his granddaughter and that, at all times during the lunch, either his son or his daughter-in-law is present.

Because the Probation Department has consented to producing Mr. Almonte's records, Mr. Almonte's final request is moot. The Court expects the Probation Department timely to produce the records ahead of Mr. Almonte's July 31, 2023 sentencing.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 107.

**SO ORDERED.**

**Dated: May 26, 2023**
   **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**